## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL S. LAMBERT,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-13-0368-B-1

DATE: September 28, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Christopher Pearson, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his age discrimination affirmative defense without a hearing. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          In a previous remand order, we found that although the appellant freely and voluntarily entered into a last chance settlement agreement resolving his removal appeal, the settlement agreement did not comply with the provisions of the Older Workers Benefit Protection Act, and we remanded the appellant's age discrimination affirmative defense to the administrative judge for further adjudication.  *See Lambert v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0368-I-1, Remand Order at 3-5 (May 15, 2014) (citing *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶¶ 7, 9 (2013)).   Upon remand, the administrative judge allowed the parties an additional opportunity to conduct discovery, and the agency subsequently filed a motion for summary judgment.  Remand File (RF), Tab 15.  After the motion was fully briefed, the administrative judge granted summary judgment, finding there was no genuine issue of material fact warranting a hearing on the appellant's claim that he was discriminated against on the basis of age.  RF, Tab 26, Remand Initial Decision (RID) at 5-8.

¶3          The appellant has filed a petition for review arguing that the administrative judge improperly credited the agency's evidence and that there are sufficient factual disputes warranting a hearing.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶4          In her remand initial decision, the administrative judge relied upon *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 5 (2006), for the proposition that an appellant does not have an unconditional right to a hearing on his discrimination claims.  RID at 3.  Under the facts of this case, where the only remaining issue for the administrative judge's adjudication was the appellant's age discrimination affirmative defense, we find no error with the administrative judge's decision to

allow the agency to move for summary judgment under *Redd* and its progeny.[2] *See Redd*, 101 M.S.P.R. 182, ¶ 5; *see also Davis v. Department of the Interior*, 114 M.S.P.R. 527, ¶¶ 9-10 (2010).

¶5      Subsequent to the administrative judge's remand initial decision, however, the Board overruled *Redd* and found that the Board's procedures for deciding discrimination claims are a matter of civil service law rather than discrimination law. *See Savage v. Department of the Army*, 2015 MSPB 51, ¶¶ 45-46 & n.10. In *Savage*, the Board explained that its appellate procedures do not provide a mechanism for granting summary judgment, and that it must decide discrimination claims only after the record is complete, in accordance with its appellate procedures as defined in Title 5. *Id*., ¶ 45. Importantly, under the Board's appellate procedures, an appellant has a right to a hearing in a chapter 75 adverse action appeal. *See Pignataro v. Department of Veterans Affairs*, 104 M.S.P.R. 563, ¶ 9 (2007) (citing 5 U.S.C. § 7701(a)).

¶6      Thus, pursuant to our decision in *Savage*, the appellant has a right to a hearing on his age discrimination affirmative defense under the Board's appellate procedures. *See Savage*, 2015 MSPB 51, ¶¶ 46. We accordingly vacate the initial decision and remand the appellant's age discrimination claim for a hearing consistent with the standards set forth in *Savage*. *See id*., ¶¶ 46, 48-51.

---

[2] In making this finding, we express no view on the merits of the agency's motion for summary judgment or the administrative judge's remand initial decision granting the motion.

## **ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.